**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ---------------------------------------------------- ) | |
| STEVEN ANDREW HIGGINS, ) | |
| ) | |
|         Plaintiff, ) | Civil No.1:26-cv-13522 |
|     v.                           ) | |
| ) | |
| APPLE INC., ) | |
|         Defendant. ) | |
| ) | |
| ---------------------------------------------- ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Apple Inc. ("Apple"), by its undersigned counsel, submits this Notice of Removal from the Suffolk Superior Court, Commonwealth of Massachusetts, (Case No. 2684-cv-01911), in which the above-captioned action was filed, to the United States District Court for the District of Massachusetts.  In support of this Notice, Apple states as follows:

## BACKGROUND

1.     This action was commenced by filing a Complaint in Suffolk Superior Court, Commonwealth of Massachusetts, on June 30, 2026.  *See* Compl., attached as Ex. A. Plaintiff did not serve the original Complaint on Apple.

2.     On July 14, 2026, Plaintiff filed an Amended Complaint. *See* Am. Compl., attached as Ex. B.

3.     Plaintiff served the Summons and Amended Complaint on Apple on July 14, 2026. *See* Summons, attached as Ex. C.

4.     Plaintiff's Amended Complaint alleges that "as a result of using APPLE AIRPODS for just a few hours per day for about 13 weeks" he suffered "severe dizziness & eyesight & brain issues" and had to undergo "a 4 hour brain surgery[.]" *See* Ex. B at 1.

5.     Plaintiff claims that his "total hospital & doctor expenses incurred & to be incurred … as a result of brain surgery" total $2,350,000. *Id.*

6.     Plaintiff's civil cover sheet states that Plaintiff's medical expenses to date are $100,000 and his "other documented items of damages" are $2,250,000 for a total of $2,350,000. *See* Civil Cover Sheet, attached as Ex. D.

7.     At the time of filing, Apple has not yet responded to Plaintiff's Amended Complaint.

8.     Apple is the only Defendant in this action.

## BASIS OF REMOVAL

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states.

10.     A "corporation is deemed a citizen of both the state where it is incorporated and the state in which it maintains its principal place of business[.]" *Merrimack Mut. Fire Ins. Co. v. Omega Flex, Inc.*, 569 F. Supp. 3d 68, 69–70 (D. Mass. 2021). Apple is, and was at the time this action commenced, a California corporation with its principal place of business in Cupertino, California. Therefore, Apple is a citizen of California.

11.     An individual is a "citizen of the state in which he is domiciled." *Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir. 1991). Domicile requires physical presence and an intent to remain. *Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 90 (1st Cir. 2013). However,

residence "is prima facie proof of [] domicile[.]" *Dee v. Chelsea Jewish N. Shore Assisted Living, Inc.,* 585 F. Supp. 3d 119, 122–23 (D. Mass. 2022); *see Branyan v. Sw. Airlines Co.*, No. CIV.A. 15-10076-NMG, 2015 WL 1206173, at *2 (D. Mass. Mar. 17, 2015) ("current residence" is "a key consideration when determining domicile"); *Branyan v. Sw. Airlines Co.*, No. CIV.A. 15-10076-NMG, 2015 WL 1206173, at *2 (D. Mass. Mar. 17, 2015) (stating that the "notice of removal appropriately relies on [the plaintiff's] own admission that she resides in Massachusetts"). According to Plaintiff's Amended Complaint, Plaintiff is, and was at the time this action commenced, a resident of the Commonwealth of Massachusetts. *See* Ex. B at 1. Therefore, Plaintiff is a citizen of Massachusetts.

12. No defendant is a citizen of Massachusetts, where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

13. Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Lama-Wolobah v. Paqui, LLC*, No. 4:24-cv-12016-MRG, 2025 WL 1790673, at *2 (D. Mass. June 30, 2025) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).

14. A court "decides the amount in controversy from the face of the complaint, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 22 (D. Mass. 2014) (citing *Coventry Sewage Associates v. Dworkin Realty Co.,* 71 F.3d 1, 4 (1st Cir. 1995) (internal quotations omitted)).

15.     Further, civil cover sheets, while not dispositive, "may provide evidence of the amount in controversy." *Purohit v. Nissan N. Am., Inc.*, No. 20-cv-10341-FDS, 2020 WL 9745725, at *2 (D. Mass. Apr. 8, 2020) (citing *Williams v. Toys "R" Us – Del., Inc.*, 2016 WL 5723588, at *1-2 (D. Mass. Sep. 28, 2016)); *see also Lama-Wolobah*, 2025 WL 1790673, at *2 (considering damages in civil cover sheet to determine amount in controversy).

16.     The amount in controversy in this case exceeds $75,000.  Plaintiff's Amended Complaint alleges that Plaintiff's damages total $2,350,000 because he had to undergo brain surgery and suffered "severe dizziness & eyesight & brain issues[.]"  *See* Ex. B at 1.  Plaintiff's civil cover sheet also states that Plaintiff's medical expenses to date are $100,000 and that his "other documented items of damages" are $2,250,000 for a total of $2,350,000. *See* Ex. D.

17.     Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a), as this is the federal District Court for the District embracing the place where the state court suit is pending. *See* 28 U.S.C. § 101.

18.     Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed "within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  Plaintiff served the Summons and Amended Complaint on Apple on July 14, 2026.[1]  Therefore, this Notice is filed within the 30-day time period, and well before the expiration of one year from when the action commenced on June 30, 2026.  28 U.S.C. § 1446(c)(1).

---

[1] Although Plaintiff filed his original Complaint on June 30, 2026, he did not serve the Complaint on Apple.  *See* Ex. A.  Instead, Plaintiff filed an Amended Complaint on July 14, 2026, and served Apple the same day. *See* Exs. B and C.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel of record and filed with the Clerk of Court for the Suffolk Superior Court, Commonwealth of Massachusetts.

20.     Within 28 days after filing this Notice of Removal, Apple will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court, as required by Local Rule 81.1.

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all papers in the state action are attached as Exhibits A through D.

**WHEREFORE**, notice is given that this action is removed from the Suffolk Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Dated:  August 3, 2026

By:     /s/ Benjamin Greene
Benjamin Greene (BBO #696850)
ArentFox Schiff LLP
800 Boylston St. 32nd Floor
Boston, MA 02199
T: 617.973.6100
benjamin.greene@afslaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2026, true and correct copy of the above

document was served via first-class mail on:

Steven Andrew Higgins
393 B Pine Street
Holbrook, MA 02343
(781) 267-1707

*Pro Se Plaintiff*

/s/ Benjamin Greene

Benjamin Greene